UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-25103-CV-WILLIAMS

JUAN CARLOS LOPEZ,

    Petitioner,

v.

SIRCE OWEN, *et al.*,

    Respondents.

_____/

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("***Petition***") filed by Petitioner Juan Carlos Lopez ("***Petitioner***"), while confined at the Krome North Service Processing Center in Miami, Florida. (DE 1). Petitioner seeks an individualized bond redetermination hearing consistent with of 8 U.S.C. § 1226(a). (*Id.* at 3).

"Section 2241 provides that a writ of habeas corpus may issue to a prisoner . . . [who is] in custody in violation of the Constitution or laws or treaties of the United States." *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003). When adjudicating a Section 2241 habeas corpus petition, a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

    1.    Counsel for Respondents, upon receipt of this Order, shall immediately notify the Court of the name of the Assistant United States Attorney to whom the case is assigned.

2. Within **three (3) days of the date of entry of this Order**, Respondents shall file a memorandum of fact and law to show cause why this Petition should not be granted and shall file all necessary documents for the resolution of the Petition. *See* 28 U.S.C. § 2243 (stating that a response to the order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."). Respondents shall file the response and appendix simultaneously, but if unable to do so, then Respondents shall file a motion for extension of time setting forth good cause supported by a detailed explanation of the specific facts giving rise to the need for additional time.

3. Counsel for Respondents shall caption the response as a "Response" or alternatively, an "Answer," and not a "Motion to Dismiss." The statute, 28 U.S.C. § 2243, calls for a "Return." Any motion for an extension of the date specified for the filing of the Response or Answer must be case-specific and must detail the reasons the extension is sought. Any motion seeking an extension of time based on an inability to procure records shall be accompanied by documentation showing that the records were requested in a timely fashion, that they remain unavailable, and the date on which they are expected to be received.

4. Respondents are reminded that they must provide Petitioner full and complete copies of all documents filed in support of its Response or Answer. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1077 (11th Cir. 2014) (A[A]ll documents referenced in the . . . answer and filed with the Court

must be served on the habeas petitioner.@).

5. Petitioner may, but is not required to, file a Reply within **three (3) days** of the date on which the Court dockets Respondents' Answer or Response. If the Reply is not filed within three (3) days of the date of docketing of Respondents' Answer or Response, the Court will deem the matter ripe and will not consider the untimely Reply. *See* Rule 5(e), Rules Governing Section 2254 Cases ("The petitioner may file a reply to the respondent's answer" within a time fixed by the judge).

6. Petitioner's Reply, if any, **shall not exceed ten (10) pages** and shall otherwise comply with the Court's Local Rules governing the form of filings. *See* S.D. Fla. L.R. 7.1(c); S.D. Fla. L.R. 5.1(a)(4).

7. Petitioner shall serve his Petition and a copy of this Order on Respondents and file proof of service with the Court.

8. Furthermore, Respondents shall not remove Petitioner from Krome until further order of the Court.

**DONE AND ORDERED** in Chambers at Miami, Florida this 5th day of November, 2025.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE